UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:23-CR-12-DCR

UNITED STATES OF AMERICA,                                 PLAINTIFF,

V.                              ORDER

CHRISTOPHER HALL,                                       DEFENDANT.

      *** *** *** ***

The Court having reviewed the status report of the United States and having determined the appropriate facility to which defendant should be transported for a psychiatric study,

**IT IS ORDERED:**

1. The Marshal shall promptly transport Christopher Hall to FDC SeaTac, as designated by the United States Marshal, and the transport period **SHALL NOT EXCEED** ten days, inclusive of weekends and holidays. Defendant SHALL remain at the facility, as designated in order for a complete psychological or psychiatric study to be made in accordance with 18 U.S.C. §4247(b) and (c), by a licensed or certified psychiatrist and/or clinical psychologist, with a report to be furnished to the Court and all counsel in accordance with 18 U.S.C. §4247(c). The examination SHALL be completed in a reasonable period of time, not to exceed forty-five, unless otherwise ordered by the Court. As ordered previously, the evaluation shall address both competency and criminal responsibility.

2. The examiner and/or examiners designated to conduct such examinations shall, pursuant to 18 U.S.C. § 4247(c), file with the Court as soon as possible after the completion of such examinations, a report of their examinations with copies provided to counsel for the Defendant, Richard Hughes, P.O. Box 1139, Ashland, Kentucky 41105; and counsel for the

1

United States, Justin Blankenship, Assistant United States Attorney, 601 Meyers Baker Road, Suite 200, London, Kentucky 40741-3035. A copy of the evaluation shall also be provided for the United States Probation Office. Said report shall include:

    (a)    Defendant's history and present symptoms;

    (b)    a description of the psychiatric, psychological, and medical tests that were employed and their results;

    (c)    confirmation that the examiner has secured and considered any medical records the examiner deems necessary to the examiner's findings and opinions;

    (d)    the examiner's findings;

    (e)    the examiner's opinions as to diagnosis, prognosis, and

                (i)    whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and

                (ii)    whether, at the time of the alleged violations, Defendant, as the result of severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his conduct or otherwise did not have the mental capacity to form the intent to engage in the conduct charged;

    (f)    the examiner's curriculum vitae and/or listing containing his/her professional credentials and qualifications.

3. Pursuant to Rule 12.2(c)(1)(A), the Defendant SHALL submit to such examination as ordered above.

4. The Defendant SHALL be returned to the custody of the United States Marshal at the completion of the evaluation ordered herein. Defendant SHALL thereafter remain in the custody of the Marshal, pending further orders of this Court.

5. Beginning with the date of this order, Defendant's one-way transportation time to the designated facility SHALL NOT EXCEED ten days, including intermediate Saturdays, Sundays, and legal holidays. *See United States v. Tinklenberg*, 563 U.S. 647, 661-62 (2011); *United States v. Turner*, 602 F.3d 778, 782 (6th Cir 2010). Likewise, the period of post-evaluation transportation back to this District shall not exceed ten days.

6. To assure accurate Speedy Trial Act monitoring and calculations, within 45 (FORTY-FIVE) days of the date of entry of this Order, the United States **SHALL** file with the Court a status report that identifies the transport period for Defendant (*i.e.,* Defendant's date of departure from the site of detention in this District and Defendant's date of arrival at the evaluation site). By no later than the day prior to the post-evaluation competency hearing, the United States **SHALL** file with the Court a status report that identifies the return transport period for Defendant (i.e., Defendant's date of departure from the evaluation site and Defendant's date of arrival back into custody within this District).

Signed July 20, 2023.



Signed By:
*Edward B. Atkins* EBA
**United States Magistrate Judge**