UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 7: 23-012-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CHRISTOPHER HALL, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

This matter is pending for consideration of the Report and Recommendation regarding Defendant Christopher Hall's competency to proceed in this criminal proceeding. Although Hall pleaded not guilty to producing and distributing child pornography, his attorney expressed concern regarding the defendant's competency to stand trial pursuant to the Fifth Amendment to the United States Constitution. The Court then granted his motion for a forensic psychological evaluation with the Bureau of Prisons. [Record No. 17] The order requested the examiner's evaluation and opinion regarding whether Hall suffers from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his own defense.

On February 2, 2024, the Warden of Federal Detention Center SeaTac issued a forensic evaluation report. [Record No. 30] After reviewing all relevant materials, United States Magistrate Judge Edward B. Atkins held a competency hearing on February 29, 2024, and thereafter issued a Recommended Disposition. Magistrate Judge Atkins recommends that Hall

be found competent to face further criminal proceedings.  Neither party has objected to the Magistrate Judge's Recommended Disposition.

A defendant must show a "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him" to be declared competent to stand trial.  *See Dusky v. United States*, 362 U.S. 402 (1960); *see also* 18 U.S.C. § 4241(a).   However, a defendant is not competent to stand trial if, "after [a] hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition within Section 4241(a).  In the Bureau of Prison's forensic report regarding the defendant, the evaluator conducted a thorough analysis of his history, behavior, course of evaluation, and testing performance.  The evaluator personally observed Hall, subjected him to psychological testing, and reviewed supplemental information, including legal and other records, to assist in the evaluation.

In addition, the evaluator and the facility screened Hall for any relevant medical issues. The evaluator determined that Hall met the criteria for major depressive disorder, recurrent and severe usage of methamphetamine and opiates, and borderline intellectual functioning. The evaluator also emphasized that Hall appears to be suffering from longstanding depression and anger problems.   Hall purportedly had taken antidepressant and mood stabilizing medications prior to the evaluation, which assisted his interactions with the evaluator.

Hall purportedly exhibited a sufficient understanding of the charges and related court proceedings.  He understood the difference between pleas of guilty or not guilty, had familiarity with the plea-bargaining process, and demonstrated a sufficient understanding of judicial proceeding participants and procedures. Hall also expressed an understanding of appropriate courtroom behavior and demonstrated a sufficient capacity to cooperate with and

assist his lawyer in his defense.  The report concludes that Hall has the ability to understand the nature and consequences of the proceedings against him and a sufficient ability to properly assist in his own defense.

To confirm the findings in the report, Magistrate Judge Atkins held a competency hearing.  Magistrate Judge Atkins notes that he has not "independently observed behavior that conflicts with the evaluator's conclusions" in the report.  [Record No. 37]  During his hearing, Hall was placed under oath and questioned regarding his desire to stipulate to the findings of the report.[1]  Hall confirmed that he had consulted with counsel and had reviewed the report. He also stipulated to the findings and the report's conclusions.  The Magistrate Judge informed Hall that finding him competent would allow proceedings against him to continue.

After conducting a *de novo* review, the undersigned agrees that Hall can understand the nature and consequences of the proceedings and can assist properly in his defense, pursuant to Section 4241(a).  Therefore, the Court concludes he is competent to stand trial.

Being sufficiently advised, it is hereby

**ORDERED** as follows:

1.     The Recommended Disposition of United States Magistrate Judge Edward B. Atkins [Record No. 37] is **ADOPTED** and **INCORPORATED** here by reference.

2.     The Court finds that Defendant Christopher Hall is competent to face further proceedings, including trial.  A new date for trial will be set by separate order.

---

[1]     Section 4247(d) governs the hearing and provides a defendant with certain rights, including rights of confrontation, cross-examination, and participation. *See* 18 U.S.C. § 4247(d); see also 18 U.S.C.§ 4241(c) (referencing Section 4247(d) for hearing procedure).

Dated: March 18, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky